# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KEISHA STEPHENS, | **)** | |
| | **)** | |
| Plaintiff, | **)** | |
| | **)** | |
| v. | **)** | Case No.: 4:25-cv-00702- ALM-AGD |
| | **)** | |
| TRANS UNION, LLC, et al., | **)** | |
| | **)** | |
| Defendants. | **)** | |
| | **)** | |

## DEFENDANT LEXISNEXIS RISK SOLUTIONS INC.'S
## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant LexisNexis Risk Solutions Inc. ("LexisNexis Risk"), by and through undersigned counsel, answers this Complaint filed by Keisha Stephens ("Plaintiff") as follows:[1]

## PLAINTIFF'S ORIGINAL COMPLAINT

1.  LexisNexis Risk admits the allegation in the first sentence of the initial paragraph of the Complaint that Plaintiff purports to bring this Complaint against LexisNexis Risk and others under the Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), Texas Finance Code Title 5, Chapter 392, and under the Fair Debt Collection Practices Act. LexisNexis Risk denies that it is liable to Plaintiff under any of these statutes. Except as expressly admitted herein, LexisNexis Risk denies the allegations in the first sentence of the Complaint.

---

[1] Given that the allegations in the Complaint are not numbered and are instead contained within the same initial paragraph, LexisNexis Risk will respond to all sentences in the initial paragraph of Plaintiff's Complaint in the order they appear, understanding each to be an independent allegation.

1

2. LexisNexis Risk denies the allegations in the second sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

3. LexisNexis Risk denies the allegations in the third sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

4. LexisNexis Risk denies the allegations in the fourth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

5. LexisNexis Risk admits the allegation in the fifth sentence of the initial paragraph of the Complaint that Plaintiff purports to bring this action "to cease attempts at collection and remove the aforementioned debt submitted by Country Park Apartments from all three National Credit Bureaus Transunion, Equifax and Experian including Factual Data Consumer Assistance of Atlanta, GA and AmRent of Atlanta, GA." Except as expressly admitted herein, LexisNexis Risk denies the allegations in the fifth sentence of the Complaint.

6. LexisNexis Risk denies the allegations in the sixth sentence of the initial paragraph of the Complaint regarding Denton County's jurisdiction over this case, as this case has been removed to the United States District Court for the Eastern District of Texas.

7. LexisNexis Risk denies the allegations in the seventh sentence of the initial paragraph of the Complaint regarding the propriety of venue in Denton County, as this case has been removed to the United States District Court for the Eastern District of Texas. LexisNexis Risk denies the remaining allegations in this sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

8. LexisNexis Risk admits the allegation in the eighth sentence of the initial paragraph of the Complaint that Plaintiff brings this suit against Transunion, Equifax, and Experian. LexisNexis Risk denies the remaining allegations in this sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

9. LexisNexis Risk admits the allegation in the ninth sentence of the initial paragraph of the Complaint that Plaintiff brings this suit against Transunion, Equifax, and Experian. LexisNexis Risk denies the remaining allegations for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

10. LexisNexis Risk denies the allegations in the tenth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

Except as expressly admitted above, LexisNexis Risk denies the remaining allegations in the initial paragraph of the Complaint to the extent they concern LexisNexis Risk.

## **PRAYER**

LexisNexis Risk asserts that Plaintiff is not entitled to any of the relief requested in the Prayer section of the Complaint. To the extent that the Prayer section of the Complaint includes allegations requiring a response, LexisNexis Risk denies those allegations.

## **LEXISNEXIS RISK'S AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that LexisNexis Risk bears the burden of proof as to any of them, LexisNexis Risk asserts the following separate and individual affirmative defenses. LexisNexis Risk intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery

in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim against LexisNexis Risk upon which the Court may grant relief.

## THIRD AFFIRMATIVE DEFENSE

Any recovery Plaintiff may receive is subject to a set off if damages are awarded against LexisNexis Risk in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages. LexisNexis Risk is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of the acts, errors, and omissions of third parties not controlled by LexisNexis Risk, and those third parties were the sole cause of any such damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are not compensable to the extent they are speculative or uncertain.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether

actual, presumed, or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing or has not taken necessary action to recover under the FCRA.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## NINTH AFFIRMATIVE DEFENSE

LexisNexis Risk reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, LexisNexis Risk requests this Court to enter a judgment:

1. denying Plaintiff any and all relief;

2. dismissing Plaintiff's Complaint in its entirety;

3. dismissing this case with prejudice;

4. awarding LexisNexis Risk its costs and attorneys' fees incurred in this case; and

5. granting LexisNexis Risk all other remedies that the Court deems just and proper.

Respectfully submitted this 31st day of August, 2025.

> */s/ Jared M. Slade*
> Jared M. Slade (Texas Bar No. 24060618)
> **ALSTON & BIRD LLP**
> 2200 Ross Ave., Suite 2300
> Dallas, TX 75201
> Telephone: 214-922-3400
> jared.slade@alston.com
>
> *Attorneys for Defendant LexisNexis Risk Solutions Inc.*