IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEISHA STEPHENS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-CV-00702-ALM-AGD |
| COUNTRY PARK APARTMENTS, COLUMBIA DEBT RECOVERY LLC dba GENESIS, NATIONAL CREDIT AUDIT CORPORATION (NCAC), LEXIS NEXIS, EXPERIAN, TRANSUNION, EQUIFAX, FACTUAL DATA CONSUMER ASSISTANCE, AMRENT CONSUMER ASSISTANCE, and CLARITY SERVICES, INC., | § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, Trans Union LLC ("Trans Union"), one of the Defendants herein, and files its Answer and Defenses to the Complaint ("Complaint") filed by Keisha Stephens ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in the Complaint to the extent possible.

1. Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681, *et seq*. Trans Union denies the remaining allegations contained in the first sentence of the Complaint.

2. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of the Complaint and, therefore, denies same.

3. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of the Complaint and, therefore, denies same.

4. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the fourth sentence of the Complaint and, therefore, denies same.

5. Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the FCRA. Trans Union denies the remaining allegations contained in the fifth sentence of the Complaint.

6. Trans Union admits that jurisdiction is proper in a Federal Court.

7. Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Eastern District of Texas. Trans Union denies the remaining allegations in the seventh sentence of the Complaint.

8. Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the FCRA. Trans Union denies the remaining allegations contained in the eigth sentence of the Complaint.

9. Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the FCRA. Trans Union denies the remaining allegations contained in the ninth sentence of the Complaint.

10. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations tenth sentence of the Complaint and, therefore, denies same.

## PRAYER

Trans Union denies the allegations contained in the Prayer paragraph of the Complaint, including all subparts.

## DENIAL OF ANY REMAINING ALLEGATIONS

Except as expressly admitted herein, Trans Union denies any remaining allegations contained in the Complaint.

## DEFENSES

1. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

2. Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

3. Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

4. Trans Union at all times acted in compliance with the FCRA.

5. Trans Union has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure.

6. Plaintiff's common law and/or state law claims are barred/preempted by the qualified immunity/privilege granted by the FCRA and state law.

7. Any statement made by Trans Union regarding Plaintiff was true or substantially true.

8. Plaintiff failed to mitigate her alleged damages.

9. Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Texas.

10. To the extent Trans Union could be found liable, Plaintiff was comparatively/contributorily negligent.

11. Trans Union affirmatively pleads that it is entitled to attorney's fees in the event that the Court determines that the Plaintiff has filed an unsuccessful pleading, motion, or other paper in connection with this action under Section 1681n or 1681o of the FCRA in bad faith or for purposes of harassment.

12. In the event that a settlement is reached between Plaintiff and any other person or entity, Defendant Trans Union is entitled to any settlement credits permitted by law.

13. Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

14. Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

15. In the interest of justice, Trans Union may seek to transfer this matter pursuant to 28 U.S.C. § 1404, as this Court is not the most convenient venue for the parties and witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Sean Moloney*
Sean Moloney

Texas Bar No. 24122831
smoloney@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
Telephone: (214) 560-5442
Fax: (214) 871-2111
***Counsel for Trans Union LLC***

# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Vincent J. Hess
Vhess@troutman.com
Sophia Grace Westphal
Sophia.westphal@troutman.com
Troutman Pepper Locke LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8254
***Counsel for Experian Information Solutions, Inc. and Clarity Services, Inc.***

Jason A. Spak
Jason.spak@fisherbroyles.com
FisherBroyles, LLP
6360 Broad Street #5262
Pittsburgh, PA 15206
(412) 347-1247
***Counsel for Factual Data, Inc. and AmRent, Inc.***

Jared Michael Slade
jared.slade@alston.com
Alston & Bird LLP
2200 Ross Ave., Suite 2300
Dallas, TX 75201
(214) 922-3424
***Counsel for Lexis Nexis***

I further certify that on the 21st day of October 2025, the foregoing was sent via United States First Class Mail and E-mail to the following:

Keisha Stephens
908 West Main Street, Unit 04
Duncan, Oklahoma 73533
K1stephens1177@yahoo.com
***Pro Se Plaintiff***

*/s/ Sean Moloney*
**SEAN MOLONEY**