# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| KEISHA STEPHENS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-CV-00702-ALM-AGD |
| COUNTRY PARK APARTMENTS, COLUMBIA DEBT RECOVERY LLC dba GENESIS, NATIONAL CREDIT AUDIT CORPORATION (NCAC), LEXIS NEXIS, EXPERIAN, TRANSUNION, EQUIFAX, FACTUAL DATA CONSUMER ASSISTANCE, AMRENT CONSUMER ASSISTANCE, and CLARITY SERVICES, INC., | § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S
FEDERAL COURT ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Experian Information Solutions, Inc. ("Experian"), by and through undersigned counsel, answers this Complaint filed by Keisha Stephens ("Plaintiff") as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**

1. Experian admits the allegation in the first sentence of the initial paragraph of the Complaint[1] that Plaintiff purports to bring this Complaint against Experian and others under the Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), Texas Finance Code Title 5, Chapter 392, and under the Fair Debt Collection Practices Act. Experian states this is a legal conclusion which is not subject to denial or admission. To the extent, a response is required, Experian denies

---

[1] The allegations in the Complaint are not separately numbered and are instead contained within the same initial paragraph, Experian will respond to all sentences in the initial paragraph of Plaintiff's Complaint in the order they appear, understanding each to be an independent allegation

1

that it is liable to Plaintiff under any of these statutes. Except as expressly admitted herein, Experian denies the allegations in the first sentence of the Complaint.

2. Experian denies the allegations in the second sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. Experian denies the allegations in the third sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. Experian denies the allegations in the fourth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. Experian denies the allegations in the fifth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. Experian denies the allegations in the sixth sentence of the initial paragraph of the Complaint regarding Denton County's jurisdiction over this case, as this case has been removed to the United States District Court for the Eastern District of Texas.

7. Experian denies the allegations in the seventh sentence of the initial paragraph of the Complaint regarding the propriety of venue in Denton County, as this case has been

removed to the United States District Court for the Eastern District of Texas. Experian denies the remaining allegations in this sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

8. As to Experian, it denies, generally and specifically, each and every allegation contained in sentence eight of the Complaint that relates to Experian. As to the allegations in sentence eight of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegations of sentence eighth of the Complaint.

9. As to Experian, it denies, generally and specifically, each and every allegation contained in sentence nine of the Complaint that relates to Experian. As to the allegations in sentence nine of the Complaint that relate to the other defendants, Experian does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegations of sentence ninth of the Complaint.

10. Experian denies the allegations in the tenth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Except as expressly admitted above, Experian denies the remaining allegations in the initial paragraph of the Complaint to the extent they concern Experian.

**PRAYER**

Experian asserts that Plaintiff is not entitled to any of the relief requested in the Prayer section of the Complaint. To the extent that the Prayer section of the Complaint includes allegations requiring a response, Experian denies those allegations.

**AFFIRMATIVE DEFENSES**

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them. Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that Experian bears the burden of proof as to any of them, Experian asserts the following separate and individual affirmative defenses. Experian intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

**FIRST AFFIRMATIVE DEFENSE**

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

### THIRD AFFIRMATIVE DEFENSE

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that it does not state a claim against Experian upon which the Court may grant relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

### SIXTH AFFIRMATIVE DEFENSE

Any recovery Plaintiff may receive is subject to a set off if damages are awarded against Experian in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein are barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

### NINTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## THIRTEENTH AFFIRMATIVE DEFENSE

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

## FIFTEENTH AFFIRMATIVE DEFENSE

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## PRAYER FOR RELIEF

WHEREFORE, Experian requests this Court to enter a judgment:

1. denying Plaintiff any and all relief;
2. dismissing Plaintiff's Complaint in its entirety;
3. dismissing this case with prejudice;
4. awarding Experian its costs and attorneys' fees incurred in this case; and
5. granting Experian all other remedies that the Court deems just and proper.

October 21, 2025                         Respectfully submitted,

                                         TROUTMAN PEPPER LOCKE

                                         <u>/s/ Vincent J. Hess</u>
                                         Vincent J. Hess
                                         State Bar No. 09549417
                                         2200 Ross Avenue, Suite 2800
                                         Dallas, TX 75201-6776
                                         Telephone: (214) 740-8000
                                         Facsimile: (214) 740-8800
                                         Email: vince.hess@troutman.com

                                         ***Counsel for Defendant Experian***
                                         ***Information Solutions, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October 2025, electronically filed the foregoing with the Clerk of Court using he CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on this 21st day of October 2025, the foregoing was sent via U.S. Postal Service and electronic mail to the following:

Keisha Stephens
908 West Main Street
Unit 04
Duncan, OK 73533
k1stephens1177@yahoo.com
*Pro Se Plaintiff*

                                          */s/ Vincent J. Hess*
                                          Vincent J. Hess