IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEISHA STEPHENS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-cv-00702-ALM-AGD |
| COUNTRY PARK APARTMENTS, COLUMBIA DEBT RECOVERY LLC dba GENESIS, NATIONAL CREDIT AUDIT CORPORATION (NCAC), LEXIS NEXIS, EXPERIAN, TRANSUNION, EQUIFAX, FACTUAL DATA CONSUMER ASSISTANCE, AMRENT CONSUMER ASSISTANCE, and CLARITY SERVICES, INC., | § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT CLARITY SERVICES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Clarity Services, Inc. ("Clarity"), by and through undersigned counsel, answers this Complaint filed by Keisha Stephens ("Plaintiff") as follows:

**PLAINTIFF'S ORIGINAL COMPLAINT**

1.  Clarity admits the allegation in the first sentence of the initial paragraph of the Complaint[1] that Plaintiff purports to bring this Complaint against Clarity and others under the Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), Texas Finance Code Title 5, Chapter 392, and under the Fair Debt Collection Practices Act. Clarity states this is a legal conclusion which is not subject to denial or admission. To the extent, a response is required, Clarity denies

---

[1] The allegations in the Complaint are not separately numbered and are instead contained within the same initial paragraph, Clarity will respond to all sentences in the initial paragraph of Plaintiff's Complaint in the order they appear, understanding each to be an independent allegation

1

that it is liable to Plaintiff under any of these statutes. Except as expressly admitted herein, Clarity denies the allegations in the first sentence of the Complaint.

2. Clarity denies the allegations in the second sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

3. Clarity denies the allegations in the third sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. Clarity denies the allegations in the fourth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. Clarity denies the allegations in the fifth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

6. Clarity denies the allegations in the sixth sentence of the initial paragraph of the Complaint regarding Denton County's jurisdiction over this case, as this case has been removed to the United States District Court for the Eastern District of Texas.

7. Clarity denies the allegations in the seventh sentence of the initial paragraph of the Complaint regarding the propriety of venue in Denton County, as this case has been removed

to the United States District Court for the Eastern District of Texas. Clarity denies the remaining allegations in this sentence for lack of knowledge or information sufficient to form a belief as to the truth of the matters alleged.

8. As to Clarity, it denies, generally and specifically, each and every allegation contained in sentence eight of the Complaint that relates to Clarity. As to the allegations in sentence eight of the Complaint that relate to the other defendants, Clarity does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegations of sentence eighth of the Complaint.

9. As to Clarity, it denies, generally and specifically, each and every allegation contained in sentence nine of the Complaint that relates to Clarity. As to the allegations in sentence nine of the Complaint that relate to the other defendants, Clarity does not have knowledge or information sufficient to form a belief as to the truth of those allegations and, on that basis, denies, generally and specifically, each and every remaining allegations of sentence ninth of the Complaint.

10. Clarity denies the allegations in the tenth sentence of the initial paragraph of the Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

Except as expressly admitted above, Clarity denies the remaining allegations in the initial paragraph of the Complaint to the extent they concern Clarity.

## PRAYER

Clarity asserts that Plaintiff is not entitled to any of the relief requested in the Prayer section of the Complaint. To the extent that the Prayer section of the Complaint includes allegations requiring a response, Clarity denies those allegations.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Clarity hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them. Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that Clarity bears the burden of proof as to any of them, Clarity asserts the following separate and individual affirmative defenses. Clarity intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action and reserves the right to assert all such defenses, including but not limited to those listed in Federal Rule of Civil Procedure 8(c).

## FIRST AFFIRMATIVE DEFENSE

Clarity is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, if any, are the result of Plaintiff's own acts, errors, and omissions, which were the sole cause of any such damages.

**THIRD AFFIRMATIVE DEFENSE**

All claims against Clarity are barred because all information Clarity communicated to any third person regarding Plaintiff was true.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to the extent that it does not state a claim against Clarity upon which the Court may grant relief.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.

**SIXTH AFFIRMATIVE DEFENSE**

Any recovery Plaintiff may receive is subject to a set off if damages are awarded against Clarity in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged damages.

**SEVENTH AFFIRMATIVE DEFENSE**

The Complaint and each claim for relief therein are barred by laches.

**EIGHTH AFFIRMATIVE DEFENSE**

Any damages which Plaintiff may have suffered, which Clarity continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by lack of injury or damages, whether actual, presumed, or otherwise.

**ELEVENTH AFFIRMATIVE DEFENSE**

All claims against Clarity are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to allege facts sufficient to merit a recovery of actual damages, statutory damages, punitive damages, interest, attorney's fees, costs, or any other relief.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Clarity reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Clarity requests this Court to enter a judgment:

1. denying Plaintiff any and all relief;
2. dismissing Plaintiff's Complaint in its entirety;
3. dismissing this case with prejudice;
4. awarding Clarity its costs and attorneys' fees incurred in this case; and
5. granting Clarity all other remedies that the Court deems just and proper.

November 6, 2025                    Respectfully submitted,

                                    TROUTMAN PEPPER LOCKE

                                    */s/ Vincent J. Hess*
                                    Vincent J. Hess
                                    State Bar No. 09549417
                                    2200 Ross Avenue, Suite 2800
                                    Dallas, TX 75201-6776
                                    Telephone: (214) 740-8000

Facsimile: (214) 740-8800
Email: vince.hess@troutman.com

***Counsel for Defendant Clarity Services, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November 2025, electronically filed the foregoing with the Clerk of Court using he CM/ECF system, which will send notification of such filing to all counsel of record.

I further certify that on this 6th day of November 2025, the foregoing was sent via U.S. Postal Service and electronic mail to the following:

Keisha Stephens
908 West Main Street
Unit 04
Duncan, OK 73533
klstephens1177@yahoo.com
*Pro Se Plaintiff*

                                                 */s/ Vincent J. Hess*
                                                 Vincent J. Hess